**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

John C. Brassell
Assistant U.S. Attorney
John.Brassell@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 29, 2019

Elizabeth G. Daily
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Re:   *United States v. Diego Sanchez Lopez*, 3:18-cr-00433-MO
          Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to waive indictment and venue and plead guilty to an Information charging him with 6 counts of Bank Robbery in violation of Title 18, United States Code, Sections 2113(a) and (d).

3.     **Penalties**: The maximum sentence for each count is 25 years' imprisonment, a fine of $250,000, five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4.     **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis:** Defendant agrees that in order for him to be found guilty of Counts 1-6 of the Information, the government must prove the following elements beyond a reasonable doubt:

   i. On or about the date alleged in the indictment and within the District of Oregon;

   ii. Defendant, by force, violence, or intimidation, took money belonging to or in the care, custody, control, management, or possession of a financial institution; and

   iii. The deposits of that financial institution were then insured by the Federal Deposit Insurance Corporation (FDIC).

Defendant admits the elements of the offenses alleged in Counts 1-6 of the Information and agrees that were this case to proceed to trial, the government would prove all of the following beyond a reasonable doubt:

### A. Count 1

   i. On or about November 27, 2017, within the District of Oregon, defendant entered the Albina Community Bank located at 2002 NE Martin Luther King Jr. Blvd., Portland, OR, jumped over the bank teller counter brandishing a knife, and said, "I have a knife," "Give me hundreds," and "All of it."

   ii. By means of force, violence, and intimidation, defendant obtained approximately $9,710 from Albina Community Bank.

   iii. At the time of the robbery, the deposits of Albina Community Bank were insured by the FDIC.

### B. Count 2

   i. On or about December 27, 2017, within the District of Oregon, defendant entered the Wells Fargo Bank 8699 SW Main St., Wilsonville, OR, jumped over the counter, brandished two knives and yelled "Give me all the money."

   ii. By means of force, violence, and intimidation, defendant obtained approximately $26,000 from Wells Fargo.

   iii. At the time of the robbery, the deposits of Wells Fargo were insured by the FDIC.

### C. Count 3

i. On or about January 11, 2018, within the District of Oregon, defendant entered the Wells Fargo Bank located at 6785 Beaverton Hillsdale Hwy, Beaverton, OR, jumped over the counter, and while brandishing a knife, demanded that the tellers give him the money.

ii. By means of force, violence, and intimidation, defendant obtained approximately $11,580.99 from Wells Fargo.

iii. At the time of the robbery, the deposits of Wells Fargo were insured by the FDIC.

### D. Count 4

i. On or about January 30, 2018, within the District of Oregon, defendant entered the US Bank at 52313 Columbia River Highway, Scappoose, Oregon jumped over the teller counter and yelled, "Give me all your money" while threatening the tellers with a knife.

ii. By means of force, violence, and intimidation, defendant obtained approximately $6,720 from US Bank.

iii. At the time of the robbery, the deposits of US Bank were insured by the FDIC.

### E. Count 5

i. On or about February 12, 2018, within the Western District of Washington, defendant entered the Wells Fargo Bank located at 1800 Main Street, Vancouver, WA, jumped over the counter displaying a knife and yelled, "Open the drawers and give me the cash."

ii. By means of force, violence, and intimidation, defendant obtained approximately $15,400 from Wells Fargo

iii. At the time of the robbery, the deposits of Wells Fargo were insured by the FDIC.

As stated in Paragraph 2 above, defendant expressly waives the right to be prosecuted for Count 5 in the Western District of Washington, and defendant hereby consents prosecution of Count 5 in the District of Oregon. Defendant understands that the Clark County Prosecutor's

Office has agreed to not pursue criminal charges against defendant for the robbery outlined in Count 5 of this agreement so long as defendant pleads guilty Count 5 under this agreement.

### F. Count 6

i. On or about April 30, 2018, within the District of Oregon, defendant entered the Wells Fargo Bank located at 7200 NE Butler Street, Hillsboro, OR, jumped over the counter and yelled, "All the money, all the money" while pointing a knife at the victim tellers.

ii. By means of force, violence, and intimidation, defendant obtained approximately $33,357 from Wells Fargo.

iii. At the time of the robbery, the deposits of Wells Fargo were insured by the FDIC.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all of the unlawful conduct alleged in the indictment. For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

Base offense level [USSG § 2B3.1(a)] ..................................................................20
Property belonging to a financial institution [USSG § 2B3.1(b)(1)] ................. +2
Dangerous weapon brandished or possessed [USSG § 2B3.1(b)(2)(E) ........... +3
Loss exceeding $20,000 [USSG § 2B3.1(b)(7)(B) ................................................ +1
Multi-count adjustment for remaining, less-serious robberies [USSG § 3D1.4] .............. +5
Acceptance of Responsibility [USSG § 3E1.1] ............................................................. -3
**Total Offense Level…………………………………………………...…………….28**

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Resolution of Other Pending Matters**: As of the date of this agreement, defendant is a suspect in Canby Police Department incident report number 17-1524. Defendant enters this plea agreement with the understanding that if he pleads guilty as set forth herein, and agrees to pay restitution in the amount of $16, 235 as set forth below, the Clackamas County District Attorney's Office will not file charges against defendant based on the crimes described in Canby Police Department incident report number 17-1524.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution:** Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. In addition to agreeing to pay full restitution for the crimes contained in Counts 1, 2, 3, 4, 5, and 6 of the Information, defendant agrees to pay full restitution in the amount of $16,235 to Columbia Bank located at 1455 SE 1st Ave., Canby, OR 97013.

The parties agree the government may request the court to order the full amount of restitution be due immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the

government may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant shall notify the Court and the U.S. Attorney's Office immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

17. **Deadline**: This plea offer expires if not accepted by August 5, 2019 at 10:00 a.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

s/ John C. Brassell

JOHN C. BRASSELL
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-5-19
Date

Diego Angel LL
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/5/2019
Date

Attorney for Defendant