**Elizabeth G. Daily, OSB 111758**
**Assistant Federal Public Defender**
**Email: liz_daily@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:18-cr-00433-MO |
| **Plaintiff,** | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **DIEGO SANCHEZ-LOPEZ,** | |
| **Defendant.** | |

Mr. Sanchez-Lopez will appear before this Court on February 3, 2020, for sentencing on his guilty plea to six counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d). Mr. Sanchez-Lopez-and defense counsel have reviewed the Presentence Report and have no objections to the advisory guideline calculations. The primary dispute relates to whether the federal sentence should be imposed to run concurrently with or consecutively to the state sentence imposed in Washington County Case No. 18CR43753.

**Advisory Guidelines Calculations**

There is no dispute about the advisory Guidelines calculations. The parties have agreed to the following calculations, in which the probation office concurs:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2B3.1(a) | 20 |
| Property of a Financial Institution, U.S.S.G. § 2B3.1(b)(1) | +2 |
| Brandishing a Weapon, U.S.S.G. § 2B3.1(b)(2) | +3 |
| Loss Exceeding $20,000, but Less Than $95,000 (Counts 2 & 6) | +1 |
| Multiple Count Adjustment, U.S.S.G. § 3D1.4 | +5 |
| Acceptance of Responsibility | -3 |
| **Total Offense Level** | **28** |

Mr. Sanchez-Lopez has a total criminal history score of 5, producing a **criminal history category of III**, for an **advisory Guidelines range of 97 to 121 months**.

**Defense Sentencing Recommendation**

The prime directive in federal sentencing is the principle of parsimony reflected in 18 U.S.C. § 3553(a) that a sentence be "sufficient, but not greater than necessary," to accomplish the purposes of sentencing. Those purposes are:

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The statute identifies a number of individualized factors that courts must consider before imposing sentence, including the nature and circumstances of the offense, the defendant's personal history and characteristics, the kinds of sentences available, the relevant Guidelines provisions, the

need to avoid unwarranted disparity, and the need to provide restitution. 18 U.S.C. § 3553(a). In the final analysis, "punishment should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 477 (2011) (internal quotation marks and citation omitted).

Under *United States v. Witte*, the "fortuity of two separate prosecutions" should not "grossly increase a defendant's sentence." 515 U.S. 389, 405 (1995). In this case, considering Mr. Sanchez-Lopez's unique circumstances and the rule of parsimony, the purposes of sentencing are best met by an 87-month federal sentence imposed to run concurrently with the state sentence. The consecutive sentence requested by the government would treat Mr. Sanchez-Lopez no differently than a career offender whose criminality was uncorrected by prior incarceration. By contrast, the 87-month sentence requested by the defense is a reasonable sentence for the state and federal charges together, without an undue increase due solely to the fact that state and federal prosecutors chose to pursue separate prosecutions.

Respectfully submitted this 29th day of January, 2020.

                                                    */s/ Elizabeth G. Daily*
                                                    Elizabeth G. Daily
                                                    Attorney for Defendant